**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-21212-KMM

**MARIA SANTI,**

    Plaintiff,                                            **JURY TRIAL DEMANDED**

v.                                                                **INJUNCTIVE RELIEF SOUGHT**

**PROFESSIONAL PARKING**
**MANAGEMENT CORPORATION,** and **YSA**
**ARM LLC D/B/A OXYGEN XL,**

    Defendants.
_____/

**FIRST AMENDED COMPLAINT**

Plaintiff Maria Santi ("Plaintiff") sues Professional Parking Management Corporation and YSA ARM LLC d/b/a Oxygen XL (collectively, the "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

**PARTIES**

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant Professional Parking Management Corporation ("PPM") is a Georgia corporation, with its principal place of business located in Fort Lauderdale, Florida. At all times material, PPM was acting as a debt collector on behalf of Nugent Avenue Parking LLC.

5. Defendant YSA ARM LLC d/b/a Oxygen XL ("Defendant-DC") is a New York corporation, with its principal place of business located in Spring Valley, New York. At all times material, Defendant-DC was acting as a debt collector on behalf of PPM and Nugent Avenue Parking LLC.

**DEMAND FOR JURY TRIAL**

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

7. On a date better known by PPM, PPM began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt, Nugent Avenue Parking LLC, and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. In particular, the Consumer Debt relates to a fee Nugent Avenue Parking LLC charged Plaintiff for the alleged use of Nugent Avenue Parking LLC's property, namely, a vehicular parking lot.

11. PPM is a debt collector acting on behalf of Nugent Avenue Parking LLC.

12. PPM is a business entity engaged in the business of soliciting consumer debts for collection.

13. PPM is a business entity engaged in the business of collecting consumer debts.

14. PPM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. PPM maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which PPM does maintain, are current to within one week of the current date.

17. PPM maintains and keeps updated within seven (7) days the records required by Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

18. PPM has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

19. PPM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

20. PPM is a "person" within the meaning of Fla. Stat. § 559.72.

21. PPM is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

22. When attempting to collect the Consumer Debt from Plaintiff, PPM was not lawfully licensed to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

23. PPM does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

24. PPM cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

25. PPM's collection activities directed at Plaintiff constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785.

26. On January 28, 2023, PPM and Defendant-DC were notified in writing (the "Notice") that, among other things: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent PPM had to communicate with Plaintiff directly; **[3]** PPM was not to contact Plaintiff directly; **[4]** any correspondence should be sent to Plaintiff's attorney; and **[5]** Plaintiff disputed the Consumer Debt.

27. PPM received the Notice on January 28, 2023.

28. Defendant-DC received the Notice on January 28, 2023.

29. Attached as Exhibit "A" is the Notice.

30. Upon receipt of the Notice, PPM knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

31. Upon receipt of the Notice, PPM knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

32. Upon receipt of the Notice, PPM knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

33. By and through the Notice, PPM had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

34. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that PPM was not permitted to contact Plaintiff directly, Nugent Avenue

Parking LLC, by and through PPM, contracted with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff.

35. In contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff, PPM disclosed to Defendant-DC that, *among other things*: [1] the existence of the Consumer Debt; [2] the creditor of the Consumer Debt; and [3] the amount of the Consumer Debt.

36. In contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff, PPM disclosed to Defendant-DC that, *among other things*: [1] Plaintiff disputed the Consumer Debt; [2] Plaintiff was represented by an attorney with respect to the Consumer Deb; and [3] provided Defendant-DC with information sufficient to allow Defendant-DC to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

37. On a date better known by Defendants, Defendant-DC, on behalf of PPM, began attempting to collect the Consumer Debt from Plaintiff.

38. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

39. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

40. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

41. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

42. Defendant-DC's "Consumer Collection Agency" license number is CCA9904641.

43. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

44. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

45. For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

46. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

47. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

48. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and Plaintiff could not be contacted directly, PPM, by and through Defendant-DC, sent Plaintiff a letter, internally dated February 20, 2023, (the "Collection Letter") in an attempt to collect the Consumer Debt.

49. Attached as Exhibit "B" is a copy of the Collection Letter.

50. The Collection Letter is a communication from PPM by and through Defendant-DC.

51. The Collection Letter is a communication from PPM to Plaintiff in connection with the collection of the Consumer Debt.

52. The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of the Consumer Debt.

53. The Collection Letter represents an action to collect a debt by PPM.

54. The Collection Letter represents an action to collect a debt by Defendant-DC.

55. The Collection Letter fails to disclose or communicate to Plaintiff that the Consumer Debt is disputed.

56. Receiving the Collection Letter caused Plaintiff to waste time.

57. Plaintiff would not have received the Collection Letter and expended time deliberating what action was required in respond to the Collection Letter had Defendants communicated directly with Plaintiff's attorney as requested by Plaintiff in the Notice.

58. Plaintiff wasted time opening and reviewing the Collection Letter, as well as wasted time questioning why Plaintiff received the Collection Letter instead of Plaintiff's attorney.

59. The Collection Letter caused Plaintiff to be confused as to why Plaintiff was receiving direct communications regarding the Consumer Debt, as Plaintiff knew PPM was notified that Plaintiff was represented by an attorney, disputed the Consumer Debt, and that all communications concerning the Consumer Debt was to be directed to Plaintiff's attorneys.

60. The Collection Letter communicates credit information by representing the Consumer Debt as in default with payment past-due and otherwise outstanding, identifying the creditor of the Consumer Debt, and stating the amount of the Consumer Debt purportedly owed to PPM.

61. The Collection Letter fails to communicate that the Consumer Debt is disputed by Plaintiff.

**COUNT 1**
**VIOLATION OF 15 U.S.C. §§ 1692e, e(2)(A), e(5), and e(10)**
(against PPM)

62. Plaintiff incorporates by reference ¶¶ 7-61 of this Amended Complaint.

63. PPM is liable to Plaintiff for attempting to collect consumer debt from Plaintiff without first registering and, thereafter, maintaining a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553.

64. Here, PPM sent the Collection Letter to Plaintiff, by and through Defendant-DC, in an attempt to collect the Consumer Debt, and in so doing, PPM engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, PPM was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

65. PPM's failure to obtain a consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C. § 1692e & e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

66. PPM's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

67. PPM's failure to obtain a consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts from Florida consumers is a violation of 15 U.S.C. § 1692e(5) because the Collection Letter is a threat to take action that

cannot legally be taken. For example, the Collection Letter causes the least sophisticated consumer to believe that PPM may lawfully collect *or even attempt to collect* the Consumer Debt when, in reality, PPM had no such authority or lawful ability.

68.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)
(against PPM)

69.   Plaintiff incorporates by reference ¶¶ 7-61 of this Amended Complaint.

70.   Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…." 15 U.S.C. § 1692c(a)(2).

71.   As stated above, PPM knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of January 28, 2023. Despite knowing this, PPM, by and through Defendant-DC, communicated and/or contact Plaintiff directly, by and through the Collection Letter, in connection with the collection of the Consumer Debt on February 20, 2023.

72.   Accordingly, PPM violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt on February 20, 2023, by and through the Collection Letter.

73.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief: [1] statutory and actual damages as provided

by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF FLA. STAT. § 559.72(18)
(against PPM)

74. Plaintiff incorporates by reference ¶¶ 7-61 of this Amended Complaint.

75. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address*...." Fla. Stat. §559.72(18) (emphasis added).

76. As stated above, PPM knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of January 28, 2023. Despite knowing this, PPM communicated and/or contact Plaintiff directly, by and through the Collection Letter it (PPM) contracted with Defendant-DC to send, in connection with the collection of the Consumer Debt.

77. Accordingly, PPM violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter it (PPM) contracted with Defendant-DC to send to Plaintiff.

78. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting PPM from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable

attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF FLA. STAT. § 559.72(6)**
(against PPM)

79.     Plaintiff incorporates by reference ¶¶ 7-61 of this Amended Complaint.

80.     Pursuant to § 559.72(6) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.*" Fla Stat. § 559.72(6) (emphasis added).

81.     As stated above, after PPM was notified on January 28, 2023, that Plaintiff disputed the Consumer Debt by and through the Notice, PPM contracted with Defendant-DC to collect, or attempt to collect the Consumer Debt from Plaintiff. In so doing, PPM disclosed to Defendant-DC the existence of the Consumer Debt, that the Consumer Debt was owed to PPM by Plaintiff; and that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt. Thus, to the extent Defendant-DC claims it *was not* notified by PPM that Plaintiff disputed the validity of the Consumer Debt, PPM violated § 559.72(6) by failing to disclose to Defendant-DC that that fact when contracting with Defendant-DC to collect, or attempt to collect the Consumer Debt.

82.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting PPM from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**

(against PPM)

83. Plaintiff incorporates by reference ¶¶ 7-61 of this Amended Complaint.

84. Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

85. As set forth above, in contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt, PPM informed Defendant-DC that Plaintiff was represented by an attorney with respect to the Consumer debt and provided Defendant-DC with information sufficient to allow PPM to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

86. Accordingly, PPM violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

87. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**VIOLATION OF 15 U.S.C. § 1692e(8)**
(against PPM)

88. Plaintiff incorporates by reference ¶¶ 7-61 of this Amended Complaint.

89. Pursuant to § 1692e(8) of the FDCPA, debt collectors are prohibited from communicating with "any person credit information which is known or which should be known to

be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

90. PPM knew that Plaintiff disputed the Consumer Debt by and through the Notice. As mentioned above, however, the Collection Letter fails disclose or otherwise communicate to Plaintiff that the Consumer Debt is disputed.

91. Thus, PPM violated § 1692c(a)(2) of the FDCPA by failing to communicate and/or disclose in the Collection Letter that the Consumer Debt is disputed.

92. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against PPM, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: May 26, 2023

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377